Filed
D.C. Superior Court
12/02/2020 17:22PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **JAMES BURROWS**<br>5460 Montgomery Road<br>Ellicott City, MD 21043 | :<br>:<br>: |
| *Plaintiff,* | : Civil Action No.: 2020 CA 004851 B |
| v. | : |
| **WASHINGTON METROPOLITAN**<br>**AREA TRANSIT AUTHORITY**<br><u>**Serve:**</u><br>Carol O'Keefe<br>600 Fifth Street, N.W.<br>Washington, D.C 20001 | :<br>:<br>:<br>:<br>: |
| *Defendant.* | : |

# COMPLAINT

COMES NOW the Plaintiff, James Burrows, by and through his attorneys, Trombly & Singer, PLLC, and respectfully represents as follows:

## COUNT I
(Negligence – Personal Injury)

1. This Honorable Court has jurisdiction over this cause of action in that the incident complained of herein occurred in the District of Columbia.

2. At all relevant times to this Complaint, Defendant Washington Metropolitan Area Transit Authority (hereinafter WMATA), <u>inter alia,</u> owned, leased, operated, managed, and/or maintained the real property and premises herein, namely the tiled Metro train platform at the Union Station Metro Station located at 50 Massachusetts Avenue, NE, Washington, DC 20002, (hereinafter "the tiled platform").

3. At all relevant times herein, Plaintiff James Burrows was a pedestrian who was lawfully and properly present on the grounds of the premises at issue.

1

4. On January 9, 2018, Mr. Burrows was walking on the tiled platform at the Union Station metro, when he slipped and fell on tiles that were unreasonably slick. The incident occurred because the tiles were in a state of disrepair and had deteriorated to the point where they were unreasonably hazardous, particularly when wet.

5. Defendant WMATA, acting by and through its actual and/or apparent agents, servants, and/or employees, knew or should have known, <u>inter alia</u>, of the poorly maintained deteriorating tile on the premises and the unreasonably dangerous condition it created, and that the Plaintiff and others similarly situated would be walking there, and that the poorly maintained tile deteriorating tile posed an unreasonable risk of harm to those, like the Plaintiff, who were lawfully and properly present at the premises at issue.

6. At all times mentioned herein, Defendant WMATA, acting by and through its actual and/or apparent agents, servants, and or/ employees, owed a continuing duty to maintain its premises, including the tile on the platform, in a reasonably safe condition, with due regard for pedestrians lawfully and reasonably upon the premises.

7. Defendant WMATA, acting by and through its actual and/or apparent agents, servants, and/or employees, breached the duties owed to the Plaintiff James Burrows, by, <u>inter alia</u>, failing to use reasonable and ordinary care to keep the premises at issue safe for the benefit to those who lawfully and reasonably came upon the premises; failing to use reasonable care to ensure the tile was a reasonably safe walking surface; failing to use reasonable measures to maintain the tile at issue; failing to reasonably inspect the premises for safety hazards; failing to timely repair the tile if it was slippery and/or deteriorating; and failing to properly post notices or otherwise warn the Plaintiff of dangers that the Defendant knew or should have known existed.

8. At all times mentioned herein, Plaintiff James Burrows was free of negligence and/or contributory negligence and assumed no risk.

9. As a direct and proximate result of the aforesaid negligence of the Defendant, Plaintiff James Burrows suffered injuries and damages, including but not limited to, a left hamstring tear and sciatica; he has incurred, and will continue to incur, medical, surgical, and hospital expenses in an effort to care for his injuries; he has suffered a loss of earnings as well as other economic losses; and he has suffered, and will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, Plaintiff James Burrows demands judgment of and against Defendant Washington Metropolitan Area Transit Authority, in the full amount of One Million Dollars ($1,000,000.00) plus interest and costs.

## **COUNT II**

(Negligent Hiring/Training/Supervision)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above and further states as follows:

10. At all relevant times herein, Defendant WMATA, acting by and through its agents, servants, and/or employees, owed a continuing duty to reasonably, carefully, and conscientiously secure the service of qualified and well-trained personnel, and/or to reasonably hire, train, and supervise its personnel to, <u>inter alia,</u> reasonably assure that the premises at issue were maintained in a reasonably safe condition, by ensuring, among other things, that the tile was not slick and dangerous. Defendant WMATA also had a duty to properly train and supervise its personnel to assure that, <u>inter alia,</u> proper warnings, notices and similar devices were posted.

11. Defendant WMATA, acting by and through its agents, servants, and/or employees, breached the duties owed to the Plaintiff by, <u>inter alia,</u> failing to reasonably hire, train and supervise its personnel as set forth above.

12. As a direct and proximate result of the aforesaid negligence of Defendant WMATA, Plaintiff James Burrows was injured as set forth above.

WHEREFORE, Plaintiff James Burrows demands judgment of and against Defendant Washington Metropolitan Area Transit Authority in the full amount of One Million Dollars ($1,000,000.00) plus interest and costs.

Respectfully Submitted,

/s/Daniel S. Singer
Daniel S. Singer, #1011357
Noah S. Trombly, #1657567
1825 K Street, N.W.
Suite 1150
Washington, DC 20006
(202) 887-5000
dsinger@tromblylaw.com
ntrombly@tromblylaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff seeks a trial by jury on all issues.

/s/Daniel S. Singer
Daniel S. Singer